UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **OSAMA MINIAS** | * | CIVIL ACTION NO: 14-2102 |
| | * | SECTION: "F"(4) |
| **Plaintiff** | * | |
| | * | JUDGE: MARTIN L.C. FELDMAN |
| versus | * | |
| | * | MAGISTRATE: KAREN WELLS ROBY |
| **ASI LLOYDS** | * | |
| **Defendant** | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL AND AMENDED ANSWER TO PETITION

**MAY IT PLEASE THE COURT:**

Defendant, ASI Lloyds ("ASI"), respectfully submits this Memorandum in Support of Motion for Leave to File Supplemental and Amended Answer to Petition. ASI has good cause in accordance with FRCP 16(b) for seeking leave to amend the pleadings after the deadline of the scheduling order. Additionally, the criteria for amendment of the pleadings under FRCP 15 (a) is also met.

The purpose of ASI's seeking leave to amend its prior Answer is because of significant newly discovered information and evidence of fraud in the presentation of these claims by Plaintiff. Under FRCP 9(b), any allegations of fraud must be alleged with particularity. ASI could not have met the Court's scheduling deadline for amending pleadings because it did not have the information at that time to allege fraud with any particularity as required by Rule 9(b). Moreover, ASI has been diligent in seeking discovery from Plaintiff in this matter. The newly discovered evidence substantially affects the merits of the case and virtually all of the damages being sought by Plaintiff. There is good cause to allow the amendment in this case, and the

Court should exercise its discretion in allowing the amendment because justice certainly requires it.

## BACKGROUND

This is a property insurance lawsuit submitted by Osama Minias for two (2) separate claims, Hurricane Isaac on August 29, 2012, and a subsequent hail storm on or about February 24, 2013. The case was removed to this Court on or about September 12, 2014 (R. Doc. 1). ASI originally answered the Petition on September 19, 2014 (R. Doc. 6) and asserted a variety of policy terms, conditions and exclusions as affirmative defenses. In particular, ASI asserted the "Duties after Loss" provisions and the exclusions related to "existing damage." (R. Doc. 6). The Court's Scheduling Order was issued on October 16, 2014, which Order set a deadline of 30 days to amend the pleadings. (R. Doc. 8).

ASI immediately propounded written discovery to the Plaintiff on October 22, 2014, and shortly thereafter requested dates for the deposition of the Plaintiff. The Plaintiff failed to timely comply with either of these requests. Also, even to this day, Plaintiff has failed to submit Rule 26 Initial Disclosures. ASI was forced to file a Motion to Compel Discovery Responses and Plaintiff's Deposition because no information was forthcoming from Plaintiff. (R. Doc. 10), which Motion was filed on December 10, 2014. A hearing was set to occur on January 14, 2015. (R. Doc. 10-3). Plaintiff's Answers to Interrogatories and Responses to Requests for Production of Documents were finally received by ASI on January 12, 2015.[1]

In the Plaintiff's discovery responses, Minias asserted through his counsel that his home suffered, "severe damages as a result of this incident, including the destruction of his roof, fence and gazebo. The damage to the roof allowed water to infiltrate the interior of the home and damage the interior ceilings, walls and floors. The AC was damaged, the window, window

---

[1] See Plaintiff's Answers to Interrogatories and Responses to Requests for Production, attached hereto as Exhibit 1.

screens and personal property located inside the home."[2]  The Plaintiff's Discovery Responses further indicate that the hail storm of 2/24/13 caused additional roof and interior damage to the home.[3]  In Answer to Interrogatory No. 7, the Plaintiff <u>for the first time</u> referenced (and produced), an estimate from Don Kotter which totaled approximately $112,000, and outlined damage and repairs to nearly every room in the home.[4]  The Plaintiff also produced <u>for the first time</u> a handwritten contents list which totaled $150,000.[5]  As will be seen below, these representations made by Plaintiff, by Plaintiff's counsel and by Plaintiff's expert, Don Kotter, of the damage allegedly caused by Hurricane Isaac and the subsequent hail storm are significant because they provide the basis for the fraud allegations which ASI can now assert with particularity.

It should also be noted that the Plaintiff's deposition was not taken until February 10, 2015, along with the deposition of Don Kotter, Plaintiff's proferred causation and damage expert.  Accordingly, <u>every bit of discovery in this case occurred *after* the deadline to amend pleadings</u>.  Moreover, it is readily apparent that ASI attempted to conduct discovery in a timely manner and was forced to file a Motion to Compel both written discovery and the deposition of the plaintiff.  ASI basically had to wait months for Plaintiff to produce documentation to support his claims.  Clearly, allegations of fraud could not have been verified and alleged with any degree of particularity before receiving basic discovery from Plaintiff.

---

[2] See Answer to Interrogatory No. 2, Exhibit 1.
[3] *Id.*
[4] Please see Loss Recap of Kotter's damage estimate, attached hereto as Exhibit 2.
[5] *Id.* at Answer No. 7.  Also see handwritten list, attached hereto as Exhibit 3.

## LAW AND ARGUMENT

The rules applicable to the Court's decision on the instant Motion are FRCP 16(b)(4) – *Modifying a Schedule*, and FRCP 15(a)(2) – *Other Amendments*.[6]

FRCP 16(b)(4) requires that a moving party show "good cause" to modify the deadlines of a scheduling order. This Court has stated that to demonstrate good cause, the moving party must show that the deadline could not have been reasonably met despite diligence of the moving party.[7] Other courts have characterized the focus of the inquiry as the timeliness of the amendment and the reasons for the tardy filing, placing the focus on the diligence of the party seeking leave to amend.[8] The factors to consider include the party's explanation, the importance of the amendment, the potential prejudice in allowing the amendment, and the availability of a continuance to cure the prejudice.[9]

FRCP 15(a)(2) dictates that the court "should freely give leave when justice so requires." The U.S. 5th Circuit has suggested that Rule 15(a) actually "evinces a bias in favor of granting leave to amend" such that unless there is a substantial reason to deny leave to amend, the court should allow amendments.[10]

## FRCP 16(b)(4) Analysis

This case has been pending in this Court for only six (6) months, and neither party has ever requested a continuance of the trial date. Significantly, ASI did not receive any discovery information in the form of deposition testimony, discovery responses, or even initial disclosures from the Plaintiff until after January 12, 2015, over two (2) months after the Court's deadline to amend the pleadings. The Plaintiff's deposition was not taken until February 10, 2015. These

---

[6] *Hebert v. Specialized Environmental Resources, LLC*, 2013 U.S. Dist. LEXIS 43452 (E.D. La. 3/27/13).
[7] *Id.*
[8] *Metro Media Entertainment, LLC v. Steinbruck*, 2013 U.S. Dist. LEXIS 61648 (D.C. Md. 4/30/13).
[9] *Hebert v. Specialized Environmental Resources, LLC*, 2013 U.S. Dist. LEXIS 43452 (E.D. La. 3/27/13).
[10] *Dussouy v. Gulf Coast Investment Corporation*, 660 F.2d 594, (5th Cir. 1981).

delays were not caused by ASI, but rather by Plaintiff, as demonstrated by the fact that ASI was previously forced to file a Motion to Compel discovery responses and the Plaintiff's deposition. This is not one of those egregious cases that lingers for years without any discovery being done, or where a defendant inadvertently failed to properly plead affirmative defenses.

### *ASI's Explanation*

ASI respectfully submits that it had no ability to timely amend its answer before the Court's deadline. The allegations which ASI seeks to assert in its amended answer revolve around the Plaintiff's commission of fraud in pursuing his property insurance claim against ASI. As noted, Rule 9(b) requires that all allegations of fraud be plead with particularity, which ASI could not reasonably do prior to the deadline for many reasons.

First, ASI did not receive the Plaintiff's discovery responses until January 12, 2015, after the deadline to amend the pleadings. Until receipt of those discovery responses, ASI could only guess at whether the Plaintiff was continuing to pursue all of the claims that he had previously submitted during the claims adjustment process. That is to say, while the Plaintiff certainly provided estimates and other information during the claims process before litigation, as this Court well knows, the litigation and discovery process has a way of narrowing down the issues and damages in a case. Moreover, the Plaintiff had never submitted a *sworn* statement in proof of loss during the claims process. Before January 12, 2015, ASI could only guess at the amount of Plaintiff's claim for property damage, and, significantly, ASI had absolutely no information or documentation concerning the alleged contents damage totaling $150,000.

Once receiving Plaintiff's discovery responses, ASI then took the deposition of the Plaintiff, Osama Minias, and his expert, Don Kotter. The sworn testimony of Osama Minias in his deposition, which occurred only one (1) month ago on February 10, 2015, is critical to ASI's

being able to even allege, much less prove, fraud. The Plaintiff's deposition was the first sworn statement from the Plaintiff that the damages estimated by Mr. Kotter and submitted to ASI in written discovery were related to Hurricane Isaac and the subsequent hail storm, rather than any pre-existing damage. ASI's knowledge prior to that, at best, could be characterized as only a suspicion that perhaps there was pre-existing, unrepaired damage being claimed in this litigation. Sworn testimony given by Mr. Minias and his proposed expert, Don Kotter, demonstrated an unwavering assertion that <u>all</u> of the damages being claimed by Mr. Minias were, in fact, related to Hurricane Isaac and/or the subsequent hail storm. Mr. Minias was asked specifically about prior claims from Hurricane Gustav and other hail storms. He testified that ALL such prior damage, was minor and that any damage to his roof, ceilings, landscaping, gazebo, pool and other items being claimed in the current litigation were in good repair at the time Isaac passed through on August 29, 2012.[11]

Following up on that testimony, ASI issued subpoenas to Louisiana Citizens Property Insurance Corporation (related to a possible 2011 hailstorm claim) and Geovera Specialty Insurance Company (related to a possible Gustav claim). On March 17, 2015, ASI received the certified claims file records, and hundreds of photographs, from Louisiana Citizens related to a 2011 hail storm claim by Mr. Minias for the *same* property location, 1421 Stonebridge, Gretna, Louisiana.[12] Without attempting to demonstrate every single point of contention, ASI respectfully shows that Mr. Minias' claims submitted to ASI for Isaac are nearly identical to the claims submitted to Louisiana Citizens in 2011. For example, the roof at the time of Isaac is indisputedly the same roof that was damaged by that prior hail storm and <u>for which Louisiana</u>

---

[11] Please see excerpts from Deposition of Osama Minias, pp. 27, 29, 32, 44, 89, 110, attached as Exhibit 4.
[12] Please see Certification letter from Louisiana Citizens, and certain excerpts from the claims file, attached hereto as Exhibit 5. The entire La. Citizens file is not reproduced herewith, but has been previously provided to Plaintiff's counsel.

<u>Citizens paid Mr. Minias for replacement.</u>  The gazebo damages are identical from the Louisiana Citizens claim to the ASI claim. The wooden and brick fence damages are identical from both claims.  The photographs demonstrate that virtually all of the interior damages that Mr. Minias' is claiming in this litigation, were actually present in 2011 during the adjustment by Louisiana Citizens.  These types of fraud allegations could not possibly have been made until ASI had sworn testimony from the Plaintiff <u>and</u> the actual claims files from Louisiana Citizens to compare the two pieces of information.

ASI has also recently received (on March 23, 2015) the Geovera claims file from the Plaintiff's Hurricane Gustav claim.  The Geovera claims file further supports the allegations of fraud because the estimates and photographs document extensive damage to the home during Gustav and/or the extensive claims made by Minias in relation to Gustav.  ASI now wishes to put all of these extremely relevant and substantive issues before the Court.

Simply put, ASI's explanation for its "untimely" amendment is that the new affirmative defenses revolve around fraud, which was not, and could not have been, verified or particularly alleged until now.  Moreover, any delays in verifying the Plaintiff's actual allegations and damage claims were caused entirely by the Plaintiff's failure to provide the requested information in a timely fashion.

### *Importance*

Minias is claiming entitlement to over $250,000 in damages to his home and personal property from Hurricane Isaac.  ASI now has information that may virtually eliminate any liability for those damages because ASI can prove fraud in the submission of these claims.  Per the policy Conditions, and Louisiana law, any fraud in the submission of an insurance claim

would result in a defense verdict. Certainly, it is critically important that ASI be able to assert the affirmative defense of fraud.

### *Prejudice*

ASI respectfully submits that there will be no prejudice to the Plaintiff by allowing the amendment to the pleadings for many reasons. First, the entire reason that ASI is now having to investigate and attempt to prove fraud as an affirmative defense is because, upon information and belief, Plaintiff has made claim for the same damages to three (3) different insurers for three (3) different events. If proven to be true, Plaintiff and Plaintiff's counsel have no one to blame except themselves for filing and pursuing a fraudulent claim. If the fraud allegations are not true, then Plaintiff should easily be able to defend himself because all of the contrary evidence would be at his disposal. In other words, the Plaintiff should not be able to argue prejudice for unfair notice when all of the information ASI is now discovering was within his own knowledge and grasp long ago.

Moreover, the Federal Rules allow fraud to be asserted as a defense even after judgment has been rendered in a case in order to prevent enforcement of a judgment. The reason that the Federal Rules allow this is because the court should not reward a plaintiff for successfully defrauding a defendant. Justice is not served by allowing a fraud to prevail due to procedural glitches. Nevertheless, fraud allegations being asserted now, nearly 45 days prior to trial, would certainly be less prejudicial and untimely than had ASI discovered after the trial that the Plaintiff had potentially fraud.

Finally, ASI has previously alleged a defense that at least some of the Plaintiff's damage pre-existed Hurricane Isaac (the "existing damage" exclusion). The proposed amendment clarifies and strengthens those previously asserted defenses with specific allegations of fraud, but

Plaintiff certainly cannot claim unfair surprise because he had notice that ASI intended to assert that the damage pre-existed the storm.

### *Continuance*

While ASI does not request a continuance of this matter and does not believe that a continuance is necessary at this point, this factor certainly preponderates in favor of allowing the amended pleading. Given the importance of the fraud defense being asserted by ASI, a continuance of the trial to allow any party additional time to prepare and defense the allegations would cure any possible prejudice.

ASI respectfully submits that it has clearly demonstrated good cause for modification of the Court's scheduling order based on all of the factors and circumstances outlined above. There is no reasonable argument to be made that ASI has in any way acted in bad faith during the litigation, unduly delayed discovery, or otherwise committed any act which would justify denial of the Motion for Leave.

## **FRCP 15(a) Analsyis**

The analysis under Rule 15(a) starts with the initial proposition that the Court should liberally allow amendment to the pleadings when justice requires it. Absent a substantial reason to do so, this Honorable Court should allow ASI to amend its Answer to assert fraud.

The courts often utilize several factors in weighing these types of issues, such as: undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice, and futility of the amendment. While slightly different, the facts and arguments presented above regarding "good cause" also support ASI in its Rule 15(a) analysis. That is to say:

- ASI has not been dilatory in pursuing discovery;

- ASI is bringing this amendment to the Court as soon as reasonably possible after learning enough information to allege fraud with particularity sufficient to satisfy Rule 9;
- Plaintiff has been dilatory in providing ASI with information requested, forcing all discovery to be done after the Court's deadline, and forcing ASI to issue supbpoenas to La. Citizens and Geovera for prior claims information that the Plaintiff clearly should have known;
- ASI only recently obtained prior claims files from Louisiana Citizens through subpoena returns;
- ASI has never sought to amend the pleadings previously, so there is no failure to cure during prior pleadings;
- The amendment is vitally important to ASI's defense of this case, so it is not futile.

In a similar factual scenario, in *Hebert v. Specialized Environmental Resources*, supra, this Honorable Court granted a defendant's Motion for Leave to amend its answer to assert fraud only one (1) month prior to trial. In *Hebert*, the defendant obtained surveillance video which disputed the plaintiff's claim that he was unable to work. After thoroughly analyzing similar factors, this Court allowed the amendment, finding that there was good cause and justification for the exercise of the Court's discretion. The *Hebert* opinion suggests multiple times that a defendant is entitled to rely on a Plaintiff's discovery responses and deposition testimony, such that when a defendant uncovers contrary evidence of fraud or misrepresentation, the defendant should be able to assert it at trial.

The circumstances in the case at bar are substantially similar to *Hebert* and also support allowing the amendment. Osama Minias, his attorneys, and his experts pursued claims, and have

now submitted sworn testimony, that are directly contrary to recently uncovered evidence.  ASI should be allowed to use this evidence to defend itself against potentially fraudulent claims.

## CONCLUSION

Taking all of these factors into account, ASI has more than adequately demonstrated good cause for the amendment under FRCP 16, and meets the appropriate criteria under Rule 15 to justify the Court's exercise of discretion in allowing the amendment in this case.  ASI respectfully prays for leave to file the attached Supplemental and Amending Answer to Petition into the record, and assert all affirmative defenses at the trial of this matter.

Respectfully Submitted:

**LAW OFFICES OF JASON P. FOOTE, LLC**

By: _/s/ Jason P. Foote_
   **JASON P. FOOTE (#25050)**
   2201 Veterans Memorial Blvd. Suite 402
   Metairie, Louisiana  70002
   Telephone:  504-324-8585
   Facsimile:  504-324-8496
   *Attorney for Defendant, ASI Lloyds*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 23rd day of March, 2015, served a copy of the foregoing pleadings on counsel for all parties by:

|      |   |               |     |   |                   |
|------|---|---------------|-----|---|-------------------|
| (  ) |   | Hand Delivery | ( ) |   | Prepaid U.S. Mail |
| ( X ) |  | Via Facsimile | ( ) |   | Overnight Delivery |

 _/s/ Jason P. Foote_
**JASON P. FOOTE**