## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **OSAMA MINIAS** | * | CIVIL ACTION NO: 14-2102 |
| | * | SECTION: "F"(4) |
| **Plaintiff** | * | |
| | * | JUDGE: MARTIN L.C. FELDMAN |
| versus | * | |
| | * | MAGISTRATE: KAREN WELLS ROBY |
| **ASI LLOYDS** | * | |
| **Defendant** | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## SUPPLEMENTAL AND AMENDED ANSWER TO PETITION FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes Defendant, ASI Lloyds ("ASI"), and respectfully Supplements and Amends its previous Answer to Petition for Damages as follows:

I.

All prior admissions and/or denials of all specific allegations of the Petition are reasserted and reaverred as if copied herein, *in extenso.*

II.

All prior affirmative defenses, including any and all policy terms, conditions, exclusions, endorsements and/or limitations, are reasserted and reaverred as if copied herein, *in extenso.*

III.

ASI respectfully supplements and amends its Answer to Petition for Damages by adding the following paragraphs, to be numbered as stated:

31.

Upon information and belief, the property located 1421 Stonebridge Drive, Gretna, Louisiana, sustained extensive damage to its structure, roof, exterior and interior building components, fences, and other structures as a result of prior storm events, including at least Hurricane Gustav (2008) and/or a prior hail storm (March, 2011).

32.

In connection with prior storms and events, Plaintiff, Osama Minias and/or representatives on his behalf and with his knowledge and consent, submitted insurance claims for damage arising out of Hurriane Gustav and/or the March, 2011 hail storm.

33.

Upon information and belief, at a minimum, Minias submitted to Louisiana Citizens Property Insurance Corporation a claim, Claim Number 0568BAD90, for losses and damages resulting from the March, 2011 hail storm, which claim included alleged damage to his roof, wooden and brick fences, detached gazebo, swimming pool, exterior light fixtures, interior finishes and fixtures, and flooring.

34.

Upon information and belief, Louisiana Citizens estimated the 2011 hail storm damages to be approximately $25,763.50, and paid Osama Minias a net total of $17,688.92.  Adjusters and engineers inspecting the property on behalf of Louisiana Citizens extensively photographed and observed the claimed damages, and excluded certain damages (particularly interior damages) as unrelated to the hail storm, but the payment did include replacement of the **entire** roof of the home.

35.

Upon information and belief, despite recovering substantial financial reimbursement for property damage from Louisiana Citizens Property Insurance Corporation, including a payment for the replacement of his roof, Osama Minias, failed to make substantial repairs to the property prior to the occurrence of Hurricane Isaac on August 29, 2012.  In particular, Osama Minias failed to replace his roof or a substantial portion of his roof prior to Hurricane Isaac.

36.

ASI respectfully avers that most, if not all, of the damages now being claimed against ASI in relation to Hurricane Isaac and/or the subsequent 2013 hailstorm, existed at the time that Louisiana Citizens was investigating the 2011 hailstorm claim.  In particular, but without limitation, Louisiana Citizens photographed and investigated claimed damage to the roof, multiple windows and window screens, stucco and brick, gutters, wooden and brick fences, exterior light fixtures, plus interior sheetrock finishes and painting in the kitchen, living room, bathrooms, dining room, sauna/hot tub room, office, master bedroom and all guest bedrooms.  It is respectfully averred that Plaintiff failed to make such repairs prior to Hurricane Isaac, and has now fraudulently asserted that the damages occurred during Hurricane Isaac and/or the 2013 hail storm.

37.

Upon information and belief, Osama Minias also previously submitted a property damage claim for the subject property following Hurricane Gustav on September 1, 2008, with his then insurance carrier, Geovera Insurance Company, Claim No CL08002191 under Policy No FL80001217.

38.

Upon information and belief, Geovera also investigated, photographed and observed extensive damage to the property, and tendered payment for damages to the roof and interior finishes which totaled approximately $35,324.81. Significantly, Geovera paid for repairs to the roof, repairs to multiple interior ceilings and walls, repairs to kitchen cabinets, and other exterior repairs. Geovera paid Mr. Minias a total of approximately $10,634.97 for Gustav damages, which amount was subtraction from the estimate of a $16,500 deductible and other depreciation. Moreover, regardless of the amount actually paid by Geovera, Minias submitted a damage estimate for replacement of his entire roof and claimed to Geovera that his entire roof needed to be replaced in 2008 after Gustav. Also significantly, the photographs demonstrate the ridge vent on the upper roof was blow off during Gustav, resulting in an open space above his attic and causing interior water damage to multiple upstairs rooms. Despite making extensive claims for Gustav damages, some of which he received reimbursement for, Osama Minias failed to make the necessary repairs to the property.

39.

Upon information and belief, some or all of the damages being claimed against ASI as a result of Hurricane Isaac were actually caused by, or existed at the time of, Hurricane Gustav in 2008. Nevertheless, Minias has now fraudulently testified and submitted a claim to ASI that these damages were caused by Hurricane Isaac.

40.

On January 12, 2015, Osama Minias represented to ASI through written discovery responses that the damages to his property were caused by Hurricane Isaac and/or the 2013 hail storm. Minias represented that his roof suffered extensive damage from Isaac, which allowed

water infiltration into his home in many locations, damaged fences and his gazebo, air condition units, and other exterior and interior building components. Minias represented to ASI that his home suffered over $112,000 in damages from Isaac and/or the 2013 hail storm made the basis of this litigation, as estimated by his expert, Don Kotter.

41.

Also on January 12, 2015, Osama Minias produced to ASI a contents list totaling approximately $150,000, which Minias claimed accurately represented water damage to his personal property, including clothing, bedroom furniture, desks, computers, televisions, electronics, appliances and fixtures. Significantly, Minias also produced a contents list to Geovera after Hurricane Gustav which totaled approximately $66,500 and contained many of the same contents being claimed in the subject Isaac claim, e.g. dining room table set and chairs, master bedroom set, clothing, 60 inch television, Sony surround system, etc. . .

42.

On February 10, 2015, Osama Minias provided <u>sworn</u> deposition testimony in which he specifically affirmed, under oath:

- that all of the damages made the basis of this claim resulted from Hurricane Isaac and were made worse by the 2013 hailstorm, including roof damage, gazebo damage, fence damage, and interior damage to his property;
- that at the time of Hurricane Isaac's passage on August 29, 2012, <u>all</u> prior storm or maintenance related damage had been repaired and fixed ;
- that he had used all prior insurance proceeds from Louisiana Citizens and/or Geovera to repair his home;

- that there were no roof leaks occurring in his home prior to Isaac;

- that there were no ceiling stains that existed immediately prior to Isaac;

- that the water intrusion from Isaac damaged all of the personal property listed on the contents list, namely, bedroom sets, furniture, clothing, jewelry, electronics, appliances and other listed items;

43.

Further, Osama Minias, through his attorneys and with the assistance of a retained expert, Don Kotter, fraudulently submitted a property damage estimate as proof of loss to ASI for the Isaac related damages, which estimate totaled $112,233.59.

44.

Mr. Kotter affirmed during deposition testimony that his damage estimate was the result of Hurricane Isaac and that ASI owed Plaintiff to repair the damages claimed.

45.

Upon information and belief, and based on the particular allegations stated above and further evidence which may be discovered upon further investigation, Osama Minias has knowingly, intentionally, and willfully defrauded and/or attempted to defraud ASI with respect to his claims arising out of Hurricane Isaac and/or the 2013 hailstorm claim, particularly including, but not limited to, fraud in seeking insurance coverage and compensation from ASI for damages to the roof, gutters, fences, light fixtures, stucco, swimming pool, all interior finishes, and contents, all of which were substantially damaged and in disrepair prior to and at the time of Hurricane Isaac.

46.

Further, upon information and belief, Osama Minias, through his attorneys and with the assistance of a retained expert, Don Kotter, fraudulently represented to ASI that he had used previously obtained insurance proceeds from Geovera and Louisiana Citizens to repair Gustav and 2011 hailstorm related damage, when, in fact, Minias did not repair said damage, and, instead, has attempted to collect for those existing damages from ASI.

47.

In reliance on Minias' fraudulent representations made to adjusters and representatives during the adjustment of this claim, ASI has paid Minias a total of $12,860.59 for Hurricane Isaac damages and repairs, which, incidentally, has also still not been utilized by Minias to make any repairs to the property.

48.

In accordance with the terms of the ASI policy, Section I – Conditions, paragraph Q, entitled, "Concealment or Fraud", there is no coverage for these losses because the insured, Osama Minias, has intentionally concealed and misrepresented material facts, engaged in fraudulent conduct, and made false statements.

IV.

By amending the paragraph previously numbered 31., such that it is now numbered 49, to reads as follows:

49.

ASI is entitled to and hereby requests trial by jury.

**WHEREFORE**, Defendant prays that this Supplemental and Amended Answer to the Plaintiff's Petition for Damages be filed into the record, that it be deemed good and sufficient, and that after due proceedings are had, including a trial by jury, there be judgment rendered in favor of Defendant and against the Plaintiff, dismissing his Petition for Damages, with prejudice, at Plaintiff's costs, and for all other general and equitable relief to which the Defendant may be deemed entitled by this Court.

Respectfully submitted,

**LAW OFFICES OF JASON P. FOOTE, LLC**

By: _/s/ Jason P. Foote_
  **JASON P. FOOTE (#25050)**
  2201 Veterans Boulevard, Suite 402
  Metairie, Louisiana 70002
  Telephone: 504-324-8585
  Facsimile: 504-324-8496
  *Attorney for ASI Lloyds*

**CERTIFICATE OF SERVICE**

I hereby certify that the **23rd** day of **March, 2015,** I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and I served a copy of the foregoing pleading on all counsel for all parties, via the CM/ECF system and/or mailing same by United States Mail, properly addressed, and first class postage prepaid, to all counsel of record in this matter.

_/s/ Jason P. Foote_
**JASON P. FOOTE**