# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| OSAMA MINIAS, | * | CA NO. 14-2102-MLCF-KWR |
| Plaintiff | * | |
| | * | JUDGE: MARTIN L.C. FELDMAN |
| VERSUS | * | |
| | * | SECTION: "F" |
| ASI LLOYDS | * | |
| Defendant | * | MAGISTRATE: KAREN WELLS ROBY |
| | * | |
| | * | MAG.: (4) |

## MEMORANDUM IN OPPOSITION TO MOTION FOR LEAVE TO AMEND ANSWER

Plaintiff, Osama Minias (hereinafter referred to as "Minias"), opposes the Motion of Defendant, ASI Lloyds (hereinafter referred to as "ASI") for Leave to File Supplemental and Amended Answer to Petition as follows:

## INTRODUCTION

All of the information necessary to file any affirmative answer or other responsive pleading in this matter was available to ASI prior to the beginning of this litigation. As such, ASI's assertion of newly discovered evidence is simply an attempt to intimidate the witness or cover for its own failure to plead all of its defenses in the first instance. As such, ASI's Motion for Leave to File Supplemental and Amended Answer to Petition should be denied.

## RELEVANT FACTUAL BACKGROUND

Minias filed suit in August of 2014 for damages sustained in Hurricane Isaac, which occurred at the end of August 2012, and then additional damages incurred in the March 2013 hail storm. ASI removed the matter to this Court on September 12, 2014,[1] and filed its Answer and Defenses on September 19, 2014.[2]

---

[1] Rec. doc. 1.
[2] Rec. doc. 6.

1

The crux of ASI's argument is that there was pre-existing damage to Minias' home that he claimed was not pre-existing, and that ASI had no other way to know of this damage without the discovery that occurred after the amendment deadline. This is demonstrably false.

Three storms are factually at issue herein: a hail storm in 2011 (when the property was insured by Louisiana Citizens Property Insurance Corporation "LCPIC"); Hurricane Isaac in August 2012; and a hail storm in February 2013.

ASI asserts that it did not know about the 2011 hail storm in time to amend to allege fraud, which has to be stated with particularity. While Minias obviously denies any fraud, as demonstrated below, ***ASI was in possession of every piece of information on which it now relies via the contents of its own claims file.***

1. On June 13, 2013, ASI issued a correspondence to Minias stating that. "[b]ased on the inspection photographs provided by Mr. Brent Conerly of IAS Claims, Inc., we are unable to determine if roof covering currently present is the same shingle system that was damaged in your Louisiana Citizens hail loss occurring on March 29, 2011. . . .I regret to inform you ASI Lloyds will be unable to respond with payment for the current claim as we cannot issue multiple payments for damage to the same material/item if the previously allowed repairs were not completed."[3]

2. ASI's claims file also includes a report delineating that a hail claim had been made following the hail storm in 2011. This report provides the insurance company (LCPIC), the policy number (695948), the claim number (8DDSAD6E6), the date of loss (3/29/11), and the loss description (HAIL).[4]

---

[3] Minias Exhibit 1, p. 1, attached hereto.
[4] Minias Exhibit 2, attached hereto.

3. On June 13, 2013, ASI employee Scott Delvecchio made an entry into the ASI diary notes, stating "[p]rior loss damage appears to be the same as newly reported claim. If insured cannot provide proof of repairs from prior loss those damages need to be deducted from the current loss."

The documents referenced above demonstrate that ASI was in possession of the purported "newly discovered" evidence all along. Thus, to assert information regarding this claim is "newly discovered" is disingenuous, and a mere pretext to explain ASI's late request for a second bite at the apple.

**LAW AND ARGUMENT**

A.  *Amendments to Pleadings Under Rule 16,* **Fed. R. Civ. P.**

Following the entry of a Scheduling Order, Rule 16, *Fed. R. Civ. P.* governs the amendment of pleadings. In order for amendment to be appropriate, ASI must show good cause and diligence in order to be permitted to amend under Rule 16, *Fed. R. Civ. P. Hebert v. Specialized Environmental Resources, LLC*, (2013 U.S. Dist LEXIS 43452 (E.D. La. 3/27/13); *Metro Media Entertainment, LLC v. Steinbruck*, 2013 U.S. Dist. LEXIS 61648 (D.C. Md. 4/30/13). The Court should consider the following factors: the explanation for not timely amending; the importance of the amendment; the potential prejudice in allowing the amendment; and, the availability of a continuance to cure any prejudice. *Hebert v. Specialized Environmental Resources, LLC*, (2013 U.S. Dist LEXIS 43452 (E.D. La. 3/27/13).

ASI cannot meet the standard delineated by the Court in this matter. The "facts" they allege are "newly discovered" were prominently displayed in the ASI claims file. ASI refused to

pay Minias' claim because they felt the damages claimed were, in part, as result of previous casualties.[5]

ASI performed a joint reinspection with previous counsel for Minias, and tendered additional funds not related to the damages ASI considered to be pre-existing. ASI has now backtracked and asserted that these damages were also pre-existing, but the facts do not support this contention any more now than it did in 2014 when the reinspection occurred. Again, Minias denies that ASI has provided consistent evidence regarding the nature of the damages upon which ASI now relies to seek amendment. The evidence provided by ASI is contradictory, at best:

First, ASI alleges that Minias' roof was destroyed in 2011 by hail, but not repaired (while insured by LCPIC). Then, when Minias reported damages associated with Hurricane Isaac, the ASI adjuster, John Penninger, noted only minor damage to one slope of the roof.[6] How could the roof require replacement in 2011, then only demonstrate minor damage in 2012?

Finally, after the 2013 hail storm, Minias' roof is again severely damaged, requiring replacement, according to Mr. Conerly's report[7] "Our inspection revealed hail damage to the shingles on all slopes. Due to the amount of hail damage, it is our recommendation that the roof be fully replaced[i]f the damage id from the storm and has not already been paid for."[8]

Now, in yet another twist of fate or fact, ASI's expert engineer has opined, in March 2015, that the roof is once again fine—healed of all of its previous infirmities—and ready to protect Minias' home from future weather events, *all* allegedly without any actual repairs being made by Minias.[9] Mitchell A. Wood, ASI's expert in this case, opined as to the roof: "The 3-tab shingle fiberglass roofing appeared to be in good condition overall. The dwelling has roofing that is less than 6-11 years old."[10]

---

[5] See Minias Exhibits 1-3.
[6] Minias Exhibit 4, p. 1, attached hereto,
[7] Minias Exhibit 5, p. 2, attached hereto.
[8] *Id.*
[9] Minias Exhibit 6, p. 2, attached hereto.
[10] *Id.*

As such, ASI cannot explain why the information in its claims file did not indicate sufficient facts to provide the basis for its allegations contained in its proposed amended pleading. In addition, the amendment lacks importance, as ASI is not providing the Court with any legal basis it cannot already allege based upon the existing pleadings. To the contrary, Minias will suffer great prejudice, as he will be required to defend allegations of fraud the factual basis upon which ASI's own witnesses and experts cannot agree. This prejudice cannot be cured by a continuance. As such, ASI's request for leave to amend should be denied.

**CONCLUSION**

ASI has been in possession of sufficient "facts" to make any allegation it now seek leave to make. The problem for ASI is that its own documents and witnesses are contradictory on the issues. In 2013, ASI's adjuster, Mr. Conerly, stated that the roof was so damaged that it needed replaced, but could not be sure that it was damage associated with the most recent hail storm or the one in 2011. In 2012, ASI's adjuster, Mr. Penninger, stated that there was only minor wind-related roof damage on one slope. Now, ASI's expert, Mr. Wood, says the roof is practically new and without hail damage—all without the roof ever being replaced. How could the roof be severely damaged in 2011, slightly damaged (one slope) in 2012, severely damaged again in 2013, and perfectly fine again in 2015—it is a mystery ASI should have to explain before being permitted to allege fraud against Mr. Minias.

**WHEREFORE,** Plaintiff, Osama Minias, respectfully prays that this Court deny the Motion of ASI Lloyds for Leave to File Supplemental and Amended Answer to Petition, and for any other relief this Court deems appropriate under the circumstances.

Respectfully submitted this 31st day of March, 2015

*Signature Block and Certificate of Service on Following Page*

*/s/David A. Binegar*_____
David A. Binegar (Bar #26603)
Tiffany R. Christian (Bar #28529)
BINEGAR CHRISTIAN
4920 Canal Street
New Orleans, Louisiana 70119
Telephone:   (504) 301-1403
Facsimile:   (504) 304-2081
Attorneys for Osama Minias

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served on all counsel of record via this Court's CM/ECF electronic filing system, this 31st day of March, 2015.

*/s/David A. Binegar*_____