**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **OSAMA MINIAS** | * | **CIVIL ACTION NO: 14-2102** |
| | * | **SECTION: "F"(4)** |
| **Plaintiff** | * | |
| | * | **JUDGE: MARTIN L.C. FELDMAN** |
| versus | * | |
| | * | **MAGISTRATE: KAREN WELLS ROBY** |
| **ASI LLOYDS** | * | |
| **Defendant** | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION TO MOTION FOR LEAVE TO FILE SUPPLEMENTAL AND AMENDED ANSWER

**MAY IT PLEASE THE COURT:**

Defendant, ASI Lloyds ("ASI"), respectfully submits this Reply Memorandum to address the arguments raised by the Plaintiff in the Memorandum in Opposition. The Plaintiff's Opposition does not even remotely overcome the demonstration of good cause for allowing the amended answer by ASI to allege fraud with particularity.

Plaintiff makes several incorrect or exaggerated assertions in the Opposition. Importantly, the Plaintiff suggests that ASI had "every piece of information" from its own claims file, which is patently false. As is remarkably clear from the language in the June 13, 2013 denial letter to Mr. Minias (which language was even cited in Plaintiff's Opposition), ASI was "unable to determine if roof covering currently present is the same shingle system that was damaged in your Louisiana Citizens hail loss. . ." [See p. 2 of Plaintiff's Opposition, R. Doc. 29]. While it is correct that ASI was aware of a potential Louisiana Citizens hail claim, it is *incorrect* that ASI possessed any specific knowledge of the fact that Louisiana Citizens had paid for a roof replacement AND that the Plaintiff had failed to replace the roof after receiving the Louisiana Citizens' payment, or that Plaintiff claimed extensive other damages to the exterior

and interior at the time of the Louisiana Citizens claim.  It is clear that ASI was requesting that the Plaintiff provide such information to show that he had fixed his roof, but Plaintiff never provided that information, and he still has not provided it because he did not fix his roof.  In fact, with all of the questions raised by the Plaintiff in the Opposition about the roof being in good shape, bad shape or otherwise, the Court will notice that the **Plaintiff never once provided any receipt, reference, proof, evidence, affidavit or otherwise to show the Court that Minias actually replaced the roof after the 2011 hail storm!**

There is a vast difference in alleging standard affirmative defenses based "upon information and belief" versus alleging fraud *with particularity* as required by FRCP 9.  In *USA v. Dizney*, et al., 295 Fed. Appx. 717; 2008 U.S. App. LEXIS 21413 (5th Cir. 10/10/08); 71 Fed. R. Serv. 3d, the Court explained:

> "*Rule 9(b)* states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other condition of a person's mind may be alleged generally." *Fed. R. Civ. P. 9(b)*. Under *Rule 9(b)*, a plaintiff must include the "time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby." *United States ex rel. Russell v. Epic Healthcare Mgmt. Group, 193 F.3d 304, 308 (5th Cir. 1999)* (internal citation omitted) (alteration in original). This is known as the "who, what, when, where, and how of the alleged fraud."

The Plaintiff's Opposition merely suggests that ASI was aware of the possibility of duplication of roof damages from the 2011 hail claim, but that is a far cry from being able to allege fraud with particularity (i.e. who, what, when, where and how) as required by federal law.

Frankly, the proof of Minias fraud is in the photos, which were not obtained until the recent recovery of the claims files, so it is newly discovered information.  Attached hereto are a few examples of the roof photos from the prior 2008 Gustav claim and the 2011 hail claim,

compared to the recent photos taken after Isaac.[1] The Court will clearly see that the roof damage to this one area of the roof as shown in the photos dating back to 2008 are the same damages. The smoke and mirrors game of questioning ASI about the condition of the roof is rendered meaningless by the fact that the Plaintiff made the *same* claim for the *same* roof multiple times, and actually got paid for it a year before Isaac, but never replaced it.

Additionally, the Plaintiff's entire Opposition discusses the roof. Plaintiff completely fails to address any of the other clear allegations of fraud that were uncovered from the claims files received from Geovera and Louisiana Citizens. For instance, the shifting gazebo claim made after Gustav, the 2011 hail storm claim and now against ASI after Isaac.[2] Also, the claim of interior water damage from the window in the great room was made in all three claims, Gustav, La. Citizens and now again with Isaac.[3] This is just a small sample of the identical fraudulent claims made by the Plaintiff, Osama Minias, in this case. Similar fraudulent misrepresentations were made with regard to (at least) the window screens, gutters, brick fence, master bedroom and bath, kitchen, laundry room, upstairs bathroom and bedrooms, garage and hot tub/sauna room. ASI was not privy to this information until it was received from Geovera and Louisiana Citizens within the last thirty (30) days. Again, Plaintiff's argument that ASI had knowledge of the 2011 hail storm claim does not dispute that ASI could not have realized or could have known of the extent of the fraud with regard to multiple rooms around the entire house.

---

[1] Please see Geovera's photos of the Gustav roof damage (actually taken by Mr. Minias himself), attached as Exhibit 1; Louisiana Citizens photos of the 2011 hail storm damages to the roof, attached as Exhibit 2, and the post-Isaac photos of the same area of the roof, attached as Exhibit 3.
[2] Please see the Geovera Gustav photos of the gazebo circa 2008, attached as Exhibit 4, the La. Citizens photos of the gazebo circa 2011, attached as Exhibit 5, and the Isaac photos, attached as Exhibit 6.
[3] Please see the 2008 Geovera Gustav photos of the great room window, attached as Exhibit 7; the 2011 La. Citizens photos of the great room window, attached as Exhibit 8, and the Isaac photos, attached as Exhibit 9.

Plaintiff also ignores the fact that he has made a claim for over $200,000 in contents damage (originally calculated to be $150,000, but actually much higher), which claim was not submitted until discovery responses were received in January, 2015, <u>after</u> the deadline to amend the pleadings. Moreover, Plaintiff's Opposition ignores the fact that his deposition was the first time he gave any sworn statement concerning any of these damages, and even when questioned specifically about the Gustav claim and 2011 hailstorm claim, he consistently denied that the damages were the same as now and testified that ALL repairs from prior damage had been made before Isaac. ASI should certainly be entitled to submit this information to the jury and allow the jury to determine the extent of the fraud, which is prevalent in this case.

ASI painstakingly went through each of the FRCP 16 factors and explained how and why there is good cause for the amendment. On the other hand, Plaintiff's Opposition addresses these factors in conclusory fashion. For instance, Plaintiff states that he would suffer prejudice by the amendment, but he does not explain how since he would be the best person to know if the claims were the same. Minias would be the best person to know whether his home had the same damage from storm to storm and year to year. If ASI's fraud allegations are true, they deserve to be presented to the jury. If they are false, Plaintiff should have no problem proving otherwise since all of the contrary evidence would be in his possession. Again, it is Minias' that created this situation by pursuing a fraudulent claim, and it should not be forgotten that the delays in uncovering this fraud were caused primarily by Plaintiff's own failure to respond to valid discovery requests in a timely fashion.

## CONCLUSION

Taking all of these factors into account, ASI has more than adequately demonstrated good cause for the amendment under FRCP 16, and meets the appropriate criteria under Rule 15 to justify the Court's exercise of discretion in allowing the amendment in this case. Presentation of this evidence of fraud is incredibly important to the final outcome of this case, and justice is served by allowing the amendment of the Answer.

Respectfully Submitted:

**LAW OFFICES OF JASON P. FOOTE, LLC**

By:   */s/ Jason P. Foote*
    **JASON P. FOOTE (#25050)**
    2201 Veterans Memorial Blvd. Suite 402
    Metairie, Louisiana 70002
    Telephone: 504-324-8585
    Facsimile: 504-324-8496
    *Attorney for Defendant, ASI Lloyds*

## CERTIFICATE OF SERVICE

I hereby certify that on the **2nd** day of **April, 2015** I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and I served a copy of the foregoing pleading on all counsel for all parties, via the CM/ECF system and/or mailing same by United States Mail, properly addressed, and first class postage prepaid, to all counsel of record in this matter.

    */s/ Jason P. Foote*
    **JASON P. FOOTE**