UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

OSAMA MINIAS                                                                CIVIL ACTION

VERSUS                                                                              NO:     14-2102

ASI LLOYDS                                                                      SECTION: "F" (4)

ORDER

Before the Court is a **Motion for Leave to File Supplemental and Amended Answer to Petition (R. Doc. 21)** filed by Defendant, ASI Lloyds, seeking leave of court to amend its answer to allege fraud. The motion is opposed. *See* R. Doc. 29. The motion was heard for oral argument on Wednesday, April 8, 2015.

I.      **Background**

This action arises out of the damages sustained by the Plaintiff's home during Hurricane Isaac in 2012. *See* R. Doc. 1-1. Plaintiff alleges that he had a homeowner's insurance policy with the Defendant that covered loss or ensuing damage caused by the peril of wind and/or hail damage. *Id*. Plaintiff alleges that he filed a claim with the Defendant to cover the cost of repairs and the damages to the property pursuant to the policy. *Id*. Plaintiff alleges that when the adjuster for the Defendant assessed the damage to the property, the adjuster failed to properly evaluate the cause and the extent of the damages, and underestimated the value of the damages. *Id*. Plaintiff further alleges that after a hailstorm in February 2013, he filed another claim with the Defendant for the damages. *Id*. Plaintiff alleges that the Defendant has not made full payment on either of his claims and that his home remains damaged because he has not been able to properly and completely repair the damages to his property. *Id*.

In the instant motion, the Defendant seeks leave of court to amend its answer to the complaint to allege the affirmative defense of fraud. *See* R. Doc. 21-1, at 1. Defendant argues that it was not able to amend its complaint sooner because Federal Rule of Civil Procedure 9(b) requires a litigant to state with particularity all allegations of fraud. *Id*. Defendant contends that it learned

during discovery that the Plaintiff may be committing fraud by attempting to recover for pre-existing damage for which he previously received insurance payments. *Id.* Defendant contends that the Plaintiff potentially received insurance payments for identical claims of damage from Geovera Specialty Insurance Company ("Geovera") related to hurricane Gustav and Louisiana Citizens Property Insurance Corporation ("Citizens") related to a 2011 hailstorm. *Id.* at 6. Having ascertained evidence to particularly allege fraud, the Defendant now seeks leave of court to amend its answer.

## II.     Standard of Review

Federal Rules of Civil Procedure 15(a), which governs the amendment of pleadings, provides that leave to amend pleadings "shall be freely given when justice so requires." This, and other federal rules, "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

Thus, Rule 15(a) evinces a liberal and lenient amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). Furthermore, "this 'policy' is strongest when the motion challenged is the first motion to amend." *Thompson v. New York Life Ins. Co.*, 644 F.2d 439, 444 (5th Cir. 1981). Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. *Id*.

Leave to amend is by no means automatic, but is within the sound discretion of the trial court. *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). In exercising its discretion, the trial court must determine that there is a "substantial reason" for the delay. *Mayeaux v. La. Health Serv. and Indem. Co*., 376 F.3d 420, 425 (5th Cir. 2004). The Court may consider such factors as (1) undue delay, bad faith, or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to

the opposing party by virtue of allowance of the amendment; and (4) futility of the amendment. *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981).

Although Rule 15(a) governs the amendments of pleadings, the Fifth Circuit has established that Rule 16(b) "governs the amendment of pleadings after a scheduling order deadline has expired." *S & W Enters., L.L.C. v. S. Trust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Rule 16 provides that a scheduling order may only be modified for good cause shown and with the Judge's consent. *See* Fed. R. Civ. Pro. 16(b)(4). Therefore, only after the movant has satisfied the good cause requirement of Rule 16(b) will the more liberal standard of 15(a) apply. *S&W Enters., LLC*, 315 F.3d at 536.

In determining whether a party has provided good cause under Rule 16(b) to amend a pleading after the scheduling order deadline, courts may examine four factors: "(1) the explanation for the untimely conduct; (2) the importance of the requested untimely action; (3) the potential prejudice in allowing the untimely conduct; and (4) the availability of a continuance to cure such prejudice." *Huey v. Super Fresh/Sav-A-Center, Inc.*, No. 07-1169, 2008 WL 2633767, at *1 (E.D. La. June 25, 2008) (citing *S & W Enters.*, *LLC*, 315 F.3d at 535. "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters., LLC*, at 535 (internal quotations and citations omitted).

### III.   Analysis

The Defendant filed the instant motion on March 23, 2015, which is about four months after the November 15, 2014 amendment deadline set in the Scheduling Order. *See* R. Doc. 8. As such, the Court must apply Rule 16(b) to determine whether the Defendant has good cause for filing the motion after the Scheduling Order deadline. During the hearing, the Court concluded good cause exists because the Defendant filed the subject motion shortly after it received the claims files from the Plaintiff's previous insurance companies, Geovera and Citizens. The Defendant received the

claim file from Citizen on March 17, 2015 and the claim file from Geovera on March 23, 2015, the date it filed the subject motion. Receipt of the claims files provided the Defendant with evidence to support its fraud claim, and thus, the Court concludes that good cause exists.

Having determined that good cause exists under Rule 16(b), the Court must consider whether leave to amend should be granted under Rule 15(a). The issues under Rule 15(a) were narrowed down during the hearing to undue delay, bad faith, or dilatory motive on the part of the Defendant.

Defendant argues that it could not have alleged fraud before the amendment deadline because it did not receive discovery from the Plaintiff until after the amendment deadline due to the Plaintiff's delay in providing discovery responses. *See* R. Doc. 21-1, at 3. Defendant contends that it received discovery responses from the Plaintiff on January 12, 2015, deposed Plaintiff's expert on February 10, 2015, and received the claims files from Plaintiff's prior insurance carriers on March 17 and 23, 2015. *Id.* at 6-7. Upon receiving the claims files from the Plaintiff's prior insurance carriers, Defendant argues that it was able to determine that the claims at issue are nearly identical to the previous claims submitted to the prior insurance carriers. *Id.* Furthermore, Defendant admits that it was previously suspicious of whether the Plaintiff was trying to recover for pre-existing conditions but argues that it needed discovery to gather sufficient facts to allege fraud with sufficient particularity. *Id.* at 3.

Plaintiff avers that all of the information necessary to file an affirmative answer was available to the Defendant prior to the initiation of this litigation. *See* R. Doc. 29, at 1. Plaintiff argues that the Defendant was in possession of every piece of information on which it now relies via the contents of its own claims file. *Id.* at 2.

In response, Defendant argues that the Plaintiff's assertion that the Defendant's claims file contained everything it needed to allege fraud is patently false. *See* R. Doc. 31-2, at 1. Defendant contends that it was aware of the prior hailstorm claims with Citizens but it did not possess specific knowledge of the fact that Citizens paid for the replacement of the Plaintiff's roof and that the

4

Plaintiff failed to repair the roof. *Id.* at 2. Defendant asserts that being aware of the possibility of fraud is a far cry from being able to allege fraud with particularity, which requires allegations of who, what, when, where, and how. *Id.*

During oral argument, the Court inquired as to the timing of the Defendant's discovery of the Plaintiff's 2008 Gustav claim through Geovera and the 2011 hailstorm claim through Citizens. Defendant's counsel represented that the only claim his client knew of pre-litigation was the 2011 hailstorm claim because the Defendant was alerted of the claim in 2013 by a universal underwriting exchange system. Counsel asserted that upon notification of the prior hailstorm claim, the Defendant requested proof of repair but the Plaintiff failed to provide the proof. As for the Gustav claim through Geovera, Defendant's counsel represented that the claim was only discovered post-litigation after he spoke with a representative of Geovera and was told that the Plaintiff recovered $20,000. Counsel asserted that the Plaintiff denied recovering from the pre-existing claims in his discovery responses and during his deposition.

The Court notes that to allege fraud, as the Defendant here, Rule 9(b) requires a litigant to plead with particularity the circumstances constituting fraud, but allows knowledge, intent, and malice to be averred generally. The Fifth Circuit has held that "[a]t a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud. *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) (citing *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 179 (5th Cir.1997)). The purpose of the heightened standard for pleading fraud is to ensure that an opposing litigant will have sufficient information to defend against the fraud allegation. *U.S. ex rel. Stewart v. The Louisiana Clinic*, No. CIV.A. 99-1767, 2002 WL 257690, at *2 (E.D. La. Feb. 22, 2002) (citing *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)).

Given the heightened pleading standard for fraud, the Court finds that it was reasonable for the Defendant to wait until receipt of the claims files to seek leave of court to amend its answer.

5

Nonetheless, the Defendant was on notice pre-litigation of the 2011 hailstorm claim when it received a report in 2013 regarding the pre-existing damage to the Plaintiff's home. Rather than immediately issue a subpoena to Citizens for the claim file in 2014, when the case was initiated, the Defendant was dilatory and waited to issue the subpoena in February 2015. Defendant's delay was unreasonable, and thus, its request to amend its answer to allege fraud as to the 2011 hailstorm damage to the roof is denied as untimely. As for the pre-existing Gustav claim, the Court finds that the Defendant discovered the claim post-litigation and timely issued a subpoena. Therefore, the Defendant was not dilatory alleging the pre-existing Gustav claims and shall be granted leave of court to amend its complaint accordingly.

**IV.  Conclusion**

**IT IS ORDERED** that Defendant, ASI Lloyds's **Motion for Leave to File Supplemental and Amended Answer to Petition (R. Doc. 21)** is **GRANTED in part** and **DENIED in part**. It is **GRANTED** as to the Defendant's request to allege fraud pertaining to pre-existing claims from Hurricane Gustav and is **DENIED** as to its request to allege fraud pertaining to pre-existing roof damage claims from the 2011 hailstorm.

New Orleans, Louisiana, this 17th day of June 2015.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**